UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SHAUN MACK, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| vs. | ) | No. 4:11CV1376 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied without a hearing.

## Movant's Claims

Movant makes a single claim for post-conviction relief. He asserts that he received ineffective assistance of counsel. He asserts:

> My attorney should have argued at sentencing that on May 1st 2010 the U.S. Sentencing commission sent congress a set of proposed amendments to the Federal sentencing guidelines that went into effect on Nov. 1, 2010.  Proposed amendments would change the way criminal history is calculated. It would eliminate the guideline rule about recency. The Rule  adds one to two history points if the crime for which the person is being sentenced was committed less than two years after release from prison. I got sentenced January 12th 2011 and they gave me two points for committing the crime within two year after being

released and one point for being on probation at the time the crime was committed. Because of this error it put me at a category VI level 23 92 to 115 months when I would have been a category V Level 23 84 to 105 months.

## Facts and Background

Between April 2009 and September 2009, agents of the Drug Enforcement Administration (DEA) were conducting an investigation into the cocaine trafficking activities of Wilfrado Navarrete-Hernandez and others. Through the use of confidential sources, this investigation revealed that Navarrete-Hernandez, along with Edgar Meraz-Salas, Maria Velazquez, Reynoldo Reyes-Fuentes, Eduardo Olivas-Contreras, Elias Inigues, Omar Figueroa Solis, Shaun Glenwood Mack, Anthony Lionel Ruiz, Nicholas Donald Tieman, and Curtis Wayne Smith were involved in a conspiracy to distribute cocaine. It involved the distribution of at least five to fifteen kilograms of cocaine.[1]

On September 7, 2009, Movant was indicted by a federal grand jury which charged Movant, and ten other defendants, with conspiracy to distribute in excess of five kilograms of cocaine.

Trial was set for September 13, 2010. Movant elected to plead guilty, pursuant to a written plea agreement on September 7, 2010. The Movant plead

---

[1]The facts set out herein are all taken the Presentence Investigation Report, the plea agreement and the record in this matter.

guilty to Count I of the Indictment pursuant to the written plea agreement.

Movant appeared before this Court for sentencing on January 12, 2011. The Total Offense Level applicable to the movant was determined to be 23 and the appropriate Criminal History Category was determined to be VI. The applicable guideline range was 92 to 115 months.

Movant filed his Motion for Post-Conviction Relief pursuant to Title 28 U. S. C. Section 2255 on August 8, 2011.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for

the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **Discussion**

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable

professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of

merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant argues that counsel provided Ineffective assistance because when movant was sentenced on January 12, 2011, he received two criminal history points for committing the crime within two years after being released on another offense (which he refers to as the "recency" guideline), and that he received another point for being on probation at the time the crime was committed. The Presentence Investigation Report demonstrates however that Movant received two criminal history points because "[a]t the time the instant offense was committed, the defendant was on supervised release in Docket No. 4:01CR00432 (CAS), for Conspiracy to Distribute and Possession with the Intent to Distribute Marijuana. This was consistent with, and pursuant to, §4A.1.1(d). The record patently demonstrates that Movant did not receive any criminal history points for committing the crime within two years of being released on another offense.

As part of this claim, Movant also asserts his attorney should have argued that the 2010 Amendment of the Guidelines Manual should have been applied. He

also seems to contend that the amendments eliminated the guideline rule regarding *recency*. Again, the record unequivocally refutes this argument. The 2010 edition of the Guideline Manual was used in Movant's sentencing. *See* PSR ¶ 30.

The Court has previously observed when determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006). In addition, in relation to a plea of guilty, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114. Here, the record establishes the sentence Movant received was not the result of any prejudice occasioned by ineffective assistance of counsel . The sentence Movant received was the result of the correct application of the guidelines to the Movant. He was sentenced through the application of the 2010 Sentencing Guidelines; he did not receive any criminal history points for *recency*; he did not receive any criminal history points for committing the crime within two years of being released on another crime. There is no argument or presentation that counsel of record could have presented which would have reasonably altered the outcome of the sentencing. When considering the totality of all the circumstances as set forth in the record, there was no error on the part of counsel. Counsel was not ineffective

in the assistance provided to Movant.

## Conclusion

Based upon the foregoing analysis, Movant's claims of ineffective assistance of counsel fail to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 22nd day of April, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE